**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEVEN BERNING and<br>GALUSHA FARM, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>ACE INDUSTRIAL SUPPLY, INC.<br>and DOES 1-10,<br><br>    Defendants. | Case No. 18-cv-1708<br><br><br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

Now come the Plaintiffs, STEVEN BERNING ("Berning") and GALUSHA FARM, LLC ("Galusha Farm"), by and through their attorneys, and for their Class Action Complaint against the Defendants, ACE INDUSTRIAL SUPPLY, INC. ("Ace") and DOES 1-10, Plaintiffs allege and state as follows:

**PRELIMINARY STATEMENTS**

1.  This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq., resulting from the illegal actions of Defendants, in negligently, knowingly and/or willfully placing, through its agent(s), sales, solicitation and/or other automated telephone calls to Plaintiff's cellular telephone, in violation of the TCPA and related regulations, specifically the National Do-Not-Call and internal do-no-call provisions of 47 C.F.R. 64.1200(c) and (d), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. According to the Federal Communications Commission's website, accessed on August 24, 2017 at http://www.fcc.gov/consumers/guides/stop-unwanted-calls-texts-and-faxes:

> The national Do Not Call list protects home voice or personal wireless phone numbers. You can register your numbers on the national Do Not Call list by phone or on the Internet at no cost… Callers are prohibited from making telephone solicitations to any numbers on the Do Not Call list. Your numbers will remain on the list until you remove them or discontinue service – there is no need to re-register numbers. Telemarketers must remove your numbers from their call lists and stop calling you within 31 days from the date you register.

3. The TCPA was designed to prevent automated telephone calls like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on the TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id*. at §§ 12-13.

6. Persons, like Plaintiff herein, have no control to stop unsolicited automated telephone calls to their cellular telephones.

7. Plaintiff and the members of the proposed Class defined below received unsolicited, automated telemarketing calls to their cellular telephones, all because Defendants wished to advertise and market its products and/or services for its own benefit.

## **JURISDICTION AND VENUE**

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District, Defendants regularly conduct business throughout this District, Plaintiff Berning resides within this District, and Plaintiff Galusha Farm operates its business within this District.

## **PARTIES**

10. Plaintiff Berning is an individual who was at all relevant times residing in Warrenville, Illinois.

11. Plaintiff Galusha Farm is a limited liability company of the State of Illinois which has its principal place of business in Warrenville, Illinois.

12. Berning and Galusha Farm share the same cellular telephone number ending in 6350.

13. On information and belief, Defendant Ace is a corporation of the State of California, which is not licensed to do business in Illinois, and which has its principal place of business in Burbank, California.

14. On information and belief, at all times relevant hereto, Ace was engaged in the marketing and sale of industrial tools, and other related goods and services, throughout the United States, including within the Northern District of Illinois.

15. Plaintiffs are each a "person" as defined in 47 U.S.C. § 153(39).

16. Defendant Ace is a "person" as defined in 47 U.S.C. § 153(39).

17. The true names and capacities of the Defendants sued herein as DOES 1-10 are currently unknown to Plaintiffs, who therefore sues such Defendant by fictitious names. Each of the Defendants designated herein as a Doe is legally responsible for the unlawful acts alleged herein. Plaintiffs will seek leave of Court to amend his complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

18. Plaintiffs are informed and believe that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiffs are informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTS COMMON TO ALL COUNTS

19. On or about December 13, 2004, Plaintiffs successfully registered their cellular telephone number ending in 6350 with the National Do-Not-Call Registry.

20. During or about 2014, Plaintiffs purchased shop supplies from Ace, such as air hoses and blades.

21. At that point in time, Plaintiffs consented to receive sales calls from Ace.

22. Shortly after purchasing the supplies, Plaintiffs received approximately eight automated telemarketing calls from Ace during a time frame of less than one month.

23. Defendants' calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

24. Such calls constituted solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2), as they were an attempt to promote or sell Defendants' goods and services.

25. Approximately one month after purchasing supplies from Ace, Berning revoked consent for Ace to place any automated telemarketing calls to him on multiple occasions, by orally telling the salespeople who called him to place Plaintiffs' number on Ace's do-not-call list.

26. During one such call, a sales representative of Ace told Berning to call a different telephone number so he could be placed on Ace's do-not-call list.

27. Berning called the telephone number provided to him by Ace's sale representative and spoke to another representative of Ace. Berning asked to be placed on Ace's do-not-call list, but the automated telemarketing calls continued regardless.

28. Plaintiffs thus revoked any prior express consent that had existed and terminated any established business relationship that had existed, as defined under 16 C.F.R. § 310.4(b)(iii)(B).

29. Plaintiffs' requests for Ace to stop calling Plaintiffs terminated any established business relationship that may have existed between Plaintiffs and Ace pursuant to 47 CFR § 64.1200(f)(5)(i).

30. Despite this, Defendants continued to call Plaintiffs in an attempt to solicit its goods and services and in violation of the National Do-Not-Call provisions of the TCPA, thus repeatedly violating Plaintiffs' privacy.

31. Upon information and belief, at all relevant times, Defendants failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations, in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

32. From the date in 2014 on which Plaintiffs revoked their consent for Ace to place automated telemarketing calls to Plaintiffs' cellular telephone, Plaintiffs have received approximately 70 additional such calls from Ace, if not more, attempting to sell Plaintiffs its industrial supplies such as tools, blades, and air hoses.

33. As a result of Defendants' acts and omissions outlined above, Plaintiffs have suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a. Invasion of privacy;

    b. Intrusion upon and occupation of the capacity of Plaintiffs' cellular telephones;

    c. Wasting Plaintiffs' time;

    d. Risk of personal injury due to interruption and distraction when receiving unwanted telemarketing calls from Defendants;

    e. Depletion of Plaintiffs' cellular telephone batteries; and

    f. The cost of electricity to recharge Plaintiffs' cellular telephone batteries.

34. On information and belief, Defendants placed the telephone calls described above to Plaintiffs using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

35. On information and belief, the purpose of these telephone calls was the attempted solicitation of Ace's products and services.

36. On information and belief, Defendants routinely use an automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in the collection of debts in the solicitation of Ace's products and services.

37. Plaintiffs did not give Defendants their express consent, invitation or permission to contact them using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiffs may have given Defendants to contact them in this manner was terminated and revoked.

38. Defendants' telephone calls to Plaintiffs using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

39. Defendants' telephone calls to Plaintiffs utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiffs' express consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

## **CLASS ALLEGATIONS**

40. Plaintiffs bring this action on behalf of himself and all others similarly situated, as members of the proposed class defined as follows (the "Class"):

> All persons within the United States who received automated telephone calls from Defendants within four years prior to the filing of this lawsuit, who had not granted Defendants prior express

>consent to place such calls to them and/or who had revoked any such consent.

41. Plaintiffs also bring this action on behalf of himself and all others similarly situated, as members of the proposed sub-class defined as follows (the "Sub-Class"):

>All persons within the United States whose telephone numbers were registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship with Defendants, or who had revoked such consent and prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any 12-month period, within four years prior to the filing of the complaint.

42. Defendants, their employees and agents are excluded from the Class and the Sub-Class. Plaintiffs do not know the number of members in the Class and the Sub-Class, but believes the Class and the Sub-Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

43. The Class and the Sub-Class are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of the Class and the Sub-Class members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe and thereon alleges that the Class and the Sub-Class include hundreds, if not thousands of members. Plaintiffs allege that the Class and the Sub-Class members may be ascertained by the records maintained by Defendants.

44. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P.23(a) because the Class and the Sub-Class are so numerous that joinder of the Class and the Sub-Class members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and to the Court.

45. There are questions of law and fact common to the Class and the Sub-Class affecting the parties to be represented. The questions of law and fact common to the Class and the Sub-Class predominate over questions which may affect individual Class and Sub-Class members and include, but are not limited to, the following:

   a. Whether the Class and Sub-Class members' telephone numbers were called by Defendants using an automated telephone dialing system;

   b. Whether the Class and Sub-Class members granted Defendants prior express consent to place such calls to them and/or whether they revoked any such consent; and

   c. Whether Defendants violated the TCPA, 47 U.S.C. § 227, *et seq*.

46. As residents of the United States who received automated telephone calls, made by or on behalf of Defendants, without their consent, and whose telephone number was registered on the National Do-Not-Call Registry for at least 30 days, within four years prior to the filing of this Complaint, Plaintiffs are asserting claims that are typical of the Class and the Sub-Class.

47. Plaintiffs have no interest adverse or antagonistic to the interests of the other members of the Class and the Sub-Class.

48. Plaintiffs will fairly and adequately protect the interests of the members of the Class and the Sub-Class. Plaintiffs have retained attorneys experienced in the prosecution of class actions.

49. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class and Sub-Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of

numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Class and Sub-Class member. Class treatment will also permit the adjudication of relatively small claims by many Class and Sub-Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

50. The prosecution of separate actions by individual Class and Sub-Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class and Sub-Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class and Sub-Class members to protect their interests.

51. Defendants have acted or refused to act in respect generally applicable to the Class and the Sub-Class, thereby making appropriate final and injunctive relief with regard to the members of the Class and the Sub-Class as a whole.

52. Defendants failed to comply with the requirements of the TCPA, including but not limited to 47 U.S.C. § 227(b), and 47 C.F.R. § 64.1200(c), as to the Class and the Sub-Class members with respect to the above-alleged transactions.

53. The TCPA, specifically 47 U.S.C. § 227(b)(1)(A)(iii), provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a paging

10

> service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States…

54. 47 C.F.R. § 64.1200(c)(2) provides that:

> [n]o person or entity shall initiate any telephone solicitation to…[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

55. 47 C.F.R. § 64.1200(d) provides that:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
> …
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

56. In multiple instances, Defendants placed telephone calls to the Class and Sub-Class members without the prior express consent of the recipients, in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

57. In multiple instances, Defendants placed telephone calls to the Class and Sub-Class members after the members requested they stop and after the members registered with the federal

government's Do-Not-Call Registry, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(c).

58. In addition, on information and belief, Defendants have not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Defendants, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(d).

59. The size and definition of the Class and the Sub-Class can be identified through Defendants' records and/or Defendants' agents' records.

## COUNT I
## NEGLIGENT VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT

60. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 59 above as if reiterated herein.

61. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(c) and (d).

62. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiffs are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

63. Plaintiffs are also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
## WILLFUL VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT

64. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 63 above as if reiterated herein.

65. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(c) and (d).

66. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiffs are entitled to an award of up to $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

67. Plaintiffs are also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for a judgment against Defendant as follows:

a. An order certifying the Class and the Sub-Class and appointing Plaintiffs as Representatives of the Class and the Sub-Class;

b. An order certifying the undersigned counsel as Class and Sub-Class Counsel;

c. An order requiring Defendants, at their own cost, to notify all Class and Sub-Class Members of the unlawful conduct herein;

d. Judgment against Defendants in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendants;

e. Judgment against Defendants in an amount of up to $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendants;

f. An order for injunctive relief prohibiting such conduct by Defendants in the future;

g. Judgment against Defendants for Plaintiffs' court costs and other litigation costs; and

h. Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues in this action which are so triable.

RESPECTFULLY SUBMITTED,

STEVEN BERNING and GALUSHA FARM, LLC

By: /s/ David B. Levin
Attorney for Plaintiffs
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, IL 60062
Phone: (888) 595-9111, ext. 633
Fax: (866) 633-0228
dlevin@toddflaw.com